IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

GARY WAYNE FRASER,

        Defendant.

Case No. 24-CR-038-JFH

## OPINION AND ORDER

Before the Court is a Motion to Dismiss Indictment ("Motion") filed by Defendant Gary Wayne Fraser ("Defendant") pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(iii). Dkt. No. 21. The United States of America ("Government") filed a response in opposition. Dkt. No. 23. For the following reasons, Defendant's Motion [Dkt. No. 21] is GRANTED and the indictment [Dkt. No. 2] is DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

The Court is experiencing déjà vu. Defendant was originally charged by indictment with one count of Murder in Indian Country – Second Degree on October 12, 2023, in Case No. 23-CR-175-JFH. That indictment alleged that:

> On or about January 15, 2023, within the Eastern District of Oklahoma, in Indian Country, the defendant, Gary Wayne Fraser, an Indian, with malice aforethought, did unlawfully kill I.A. in violation of Title 18, United States Code, Sections 1111(a), 1151, and 1153.

*United States v. Fraser*, Case No. 23-CR-175-JFH, 2024 WL 519720 at *1 (E.D. Okla. Feb. 9, 2024). Defendant filed a motion to dismiss that indictment arguing that it was insufficient to put him on fair notice of the crime charged. This Court granted Defendant's motion finding that "[w]hile setting forth the elements of the charged crime is usually sufficient . . . more is required

here." *Id*. The Court went on to explain exactly what "more" was needed. "Simply alleging the words of the statute here is not sufficient because in order to satisfy the malice aforethought element, the Government must also prove that Defendant either intended to kill without premeditation and deliberation, intended to do serious bodily injury, acted with a depraved heart, or killed while in commission of a felony not otherwise enumerated in 18 U.S.C. § 1111." *Id*. at *2. Because the indictment failed to allege that the killing happened in at least one of those four ways, the Court found that the indictment was insufficient and, consequently, it was dismissed. *Id*.

On March 13, 2024, a little over a month after the original indictment was dismissed, Defendant was again charged by indictment in the instant case with one count of Murder in Indian Country – Second Degree. Dkt. No. 2. This indictment alleges that:

> On or about January 15, 2023, within the Eastern District of Oklahoma, in Indian Country, the defendant, Gary Wayne Fraser, an Indian, with malice aforethought, did unlawfully kill Victim by a motor vehicle collision in violation of Title 18, United States Code, Sections 1111(a), 1151, and 1153.

*Id*. "[K]ill I.A." in the original indictment was replaced with "kill Victim by a motor vehicle collision" in the instant indictment. [1] This case is set on the Court's June 24, 2024 jury trial docket. Dkt. No. 18.

Defendant has again filed a motion to dismiss based on insufficiency of the indictment. Dkt. No. 21. And, again, the Court agrees with Defendant that more is still required here.

## ANALYSIS

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant

---

[1] Although not raised as an issue in the briefing, the Court is perplexed as to why the Government refers to the victim generically as "the Victim" in the instant indictment, rather than by the initials "I.A." as in the original indictment. While the Court's order dismissing the original indictment instructed the Government to provide more, the Government seems insistent on providing less.

2

to assert a double jeopardy defense." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997)). "[W]here the indictment quotes the language of a statute and includes the date, place, and nature of illegal activity, it need not go further and allege in detail the factual proof that will be relied upon to support the charges." *United States v. Doe*, 572 F.3d 1162, 1173-74 (10th Cir. 2009) (emphasis added).

However, the language of the statute is not sufficient if the statute itself does not adequately state the elements of the offense or if the words of the statute do not "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (internal citations and quotations omitted); *see also Dashney*, 117 F.3d at 1205. In other words, merely reciting the elements of the statute is not sufficient where the elements fail to put Defendant on fair notice of the charges he faces. *Id*.

Defendant has been charged with Murder in Indian Country – Second Degree pursuant to 18 U.S.C. §§ 1111(a), 1151, and 1153. Dkt. No. 2. The first paragraph of § 1111(a) defines first degree murder. 18 U.S.C. § 1111(a). The second paragraph states that "[a]ny other murder is murder in the second degree." *Id*. "Replacing the word 'murder' with its definition, found in the first sentence of 1111(a), results in the reconstituted statutory expression of second degree murder as 'any other unlawful killing of a human being with malice aforethought.'" *United States v. Pearson*, 203 F.3d 1243, 1271 (10th Cir. 2000) (citing 18 U.S.C. § 1111). Therefore, to convict Defendant of second degree murder, the Government must prove: (1) the Defendant caused the death of the victim named in the indictment; (2) the Defendant killed the victim with malice aforethought; and (3) the killing took place within the territorial jurisdiction of the United States. *See* Tenth Circuit Pattern Jury Instructions Criminal 2.53.

To satisfy the malice aforethought element, the Government must also prove that the killing occurred in at least one of four ways: (1) that Defendant intended to kill without premeditation and deliberation, (2) that Defendant intended to do serious bodily injury, (3) that Defendant acted with a depraved heart, or (4) that Defendant killed while in commission of a felony not otherwise enumerated in 18 U.S.C. § 1111. *Pearson*, 203 F.3d at 1271; *see also* Tenth Circuit Pattern Jury Instructions Criminal 2.53, comment. Accordingly, alleging "malice aforethought," by itself, does not fully set forth all the elements necessary to constitute the offense with which Defendant has been charged. That is, without indicating which of the four ways the Government intends to prove Defendant acted with malice aforethought, the indictment fails to put Defendant on fair notice of the charges he faces.

The Government argues that its inclusion of the language "by a motor vehicle collision" in the indictment here cures any deficiency in the original indictment, puts Defendant on fair notice of the charges he faces, and is therefore sufficient to survive the Motion. Dkt. No. 23. In support of its position, the Government points to this Court's opinion in *United States v. Cody*, Case No. 22-CR-063-JFH, 2022 WL 2333493 (N.D. Okla. June 28, 2022). *Id.* at 2.

The Defendant in *Cody* was also charged with Murder in Indian Country – Second Degree and, as to that count, the second superseding indictment alleged that:

> On or about May 28, 2020, within Indian Country in the Northern District of Oklahoma, the defendant, Tye Dean Lewis Ross Cody, an Indian, with malice aforethought, unlawfully killed [Victim], during a motor vehicle collision. All in violation of Title 18, United States Code, Sections 1151, 1153, and 1111.

*Id.* The defendant filed a motion to dismiss based on the insufficiency of the second superseding indictment, which this Court denied. *Id.* The Government argues that because the language "during a motor vehicle collision" was sufficient to survive a motion to dismiss in *Cody*, the

4

language "by a motor vehicle collision" in the instant indictment should be sufficient to survive the Motion here.

However, there is a significant difference between the second superseding indictment in *Cody* and the instant indictment—one that the Government failed to acknowledge. The defendant in *Cody* was charged with two counts: Murder in Indian Country – Second Degree, as set forth above, and Involuntary Manslaughter in Indian Country. The Involuntary Manslaughter count alleged that:

> On or about May 28, 2020, within Indian Country in the Northern District of Oklahoma, the defendant, Tye Dean Lewis Ross Cody, an Indian, killed [the victim] *while in the commission of an unlawful act not amounting to a felony while acting in a grossly negligent manner and with knowledge of circumstances that made it reasonably foreseeable that his conduct might imperil the lives of others. Specifically, Cody failed to operate his vehicle at an appropriate speed for the conditions and drove on the left side of the road within a no-passing zone*.

*See* N.D. Okla. Case No. 22-CR-063-JFH at Dkt. No. 35 (emphasis added).

When considering a motion to dismiss, an indictment is tested "on the basis of the allegations made on its face . . . ." *Todd*, 446 F.3d at 1068 (citing *United States v. Sampson*, 371 U.S. 75, 78–79 (1962)). Further, "the indictment should be read as a whole and interpreted in a common-sense manner . . . ." *United States v. Stoner*, 98 F.3d 527, 531 (10th Cir. 1996) (internal quotations and citations omitted). While the Murder in Indian Country – Second Degree count, by itself, did not provide sufficient information as to the malice aforethought element, the second superseding indictment, as a whole, did. Specifically, when read as a whole, the second superseding indictment made clear that the Government was alleging that the vehicle collision occurred because the defendant "failed to operate his vehicle at an appropriate speed for the conditions and drove on the left side of the road within a no passing zone." *See* N.D. Okla. Case No. 22-CR-063-JFH at Dkt. No. 35; *see also Cody*, 2022 WL 2333493 at *4 (the Court noting that

there was no question that the Government was alleging that "as [the d]efendant attempted to pass another vehicle in a no-passing zone, he collided head-on with [the victim], causing [the victim's] death."). Therefore, the second superseding indictment in *Cody* adequately put Defendant on notice that the Government intended to satisfy the malice aforethought element by proving that he killed the victim while acting with a depraved heart.

Contrastingly, the indictment here does not indicate by which of the four ways the Government intends to prove that Defendant acted with malice aforethought. A motor vehicle collision, by itself, does not establish that Defendant intended to kill without premeditation and deliberation, intended to do serious bodily injury, acted with a depraved heart, or killed while in commission of a felony not otherwise enumerated in 18 U.S.C. § 1111. Without more, Defendant is not put on fair notice of the charges against him. Accordingly, the Court finds that the indictment remains insufficient and must be dismissed pursuant to Fed. R. Crim. P. 12(b)(3)(B)(iii).[2]

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Indictment [Dkt. No. 21] is GRANTED and the indictment [Dkt. No. 2] is hereby DISMISSED WITHOUT PREJUDICE.

---

[2] The Government also attempts to rely on evidence outside of the Indictment in its response as a basis to overcome dismissal. *See* Dkt. No. 23 at 3 (urging that the defendant made various statements to an investigator after the alleged crime). However, as the Court previously explained: "An indictment should be tested solely on the basis of the allegations made on its face, and . . . [c]ourts should refrain from considering evidence outside the indictment when testing its legal sufficiency." *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) (citing *United States v. Sampson*, 371 U.S. 75, 78-79 (1962)). The Government must have its theory as to how Defendant acted with malice aforethought and, thus, committed second degree murder. The time for playing coy is over. If the Government is serious about prosecuting this case, then it should get to it and present the Court with a proper indictment.

DATED this 11th day of June 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE